# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| AJAY K. PATEL, | ) | |
| | ) | **Civil Action No. 7:21-CV-401** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RUSSEL KEITH JONES, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ANILKUMAR PATEL, | ) | |
| | ) | **Civil Action No. 7:21-CV-402** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RUSSEL KEITH JONES, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| AVANTIKAEN PATEL, | ) | |
| | ) | **Civil Action No. 7:21-CV-403** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RUSSEL KEITH JONES, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| LALITA PATEL, | ) | |
| | ) | **Civil Action No. 7:21-CV-404** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RUSSEL KEITH JONES, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| **RAGINI PATEL,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**RUSSEL KEITH JONES, III, <u>et al.</u>,** )<br>)<br>**Defendants.** ) | Civil Action No. 7:21-CV-405<br><br>By: Hon. Robert S. Ballou<br>United States Magistrate Judge |

<b><u>MEMORANDUM OPINION</u></b>[1]

The original Complaints in these five personal injury cases contained signature defects when filed in state court, rendering each complaint voidable under Va. Code § 8.01-271.1. Defendants removed the cases to federal court under the court's diversity jurisdiction. Prior to their removal, four of the complaints were amended and no longer contained a signature defect; however, one complaint remained unsigned. I must now determine the impact of the original signature defects upon the cases once they were removed to this court; whether those defects were timely and properly cured in state court; whether the cases can proceed as currently filed or may be amended to cure any remaining procedural defects; or whether I must dismiss or remand the cases to state court.

This court takes derivative jurisdiction over the cases upon their removal, allowing the four Complaints that were amended to cure the signature defects in state court prior to removal to proceed as filed. Regarding the remaining unsigned Complaint, the case is properly before the court and subject to the Federal Rules of Civil Procedure. Thus, Rule 11 allows Plaintiff Anilkumar Patel to amend his Complaint to add counsel's missing signature. Accordingly, Defendants' Motion to Dismiss Anilkumar Patel's Complaint (Case No. 7:21-cv-402, Dkt. 6) is **DENIED**, and these five cases will be set for trial.

---

[1] This case is before me by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

### I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

These actions arise from a motor vehicle accident on July 21, 2018.  Plaintiffs filed their complaints in the Circuit Court for Carroll County on July 15, 2020. The complaints were signed by Brian Snyder, Esq., ("Snyder") an attorney with Price Benowitz, LLP.  At the time he filed the complaints, Snyder's law license had been administratively suspended for more than two years. Dkt. 4. Specifically, Snyder's law license was suspended from March 14, 2018 through September 3, 2020. Snyder's license was reinstated on September 3, 2020.

Snyder admitted to the Virginia State Bar that he was aware of his license suspension prior to August 28, 2020; and Price Benowitz was likewise aware of the license suspension in August 2020.  Additionally, on January 20, 2021, a state court judge entered an opinion in an unrelated case, finding that Snyder's license suspension rendered his signature on pleadings defective under Virginia law, and sanctioning both Snyder and Price Benowitz.  Thus, as of January 20, 2021, Snyder and the Price Benowitz firm were not only aware of Snyder's lapse in bar membership but were sanctioned by a court order for Snyder's defective signatures.

On February 26, 2021, more than seven months after filing the initial complaints, Snyder filed motions in each of these cases in the Carroll County Circuit Court for leave to cure the signature defects. Dkt. 4. In those motions, Snyder falsely represented that he "recently" learned of his license suspension after filing the complaints.  The state court granted Plaintiffs' motions for leave to cure and ordered any amended/cured pleadings be filed by April 4, 2021.  Plaintiffs missed the deadline and sought an extension of time from the court to file amended/cured pleadings.  The court granted Plaintiffs' motion for extension and Plaintiffs filed "amended/cured" complaints in all five cases on May 3, 2021.  Snyder signed four of the

"amended/cured" complaints but failed to sign the "amended/cured" complaint filed by Anilkumar Patel.

On June 28, 2021, Snyder requested that the state court issue summonses for service of the state court complaints upon Defendants.[2] On July 13, 2021, Defendants filed their responsive pleadings with the state court, and did not raise any specific pleading defects. The next day, Defendants removed the cases to this court, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441.

On July 21, 2021, Defendants filed a Motion to Dismiss Anilkumar Patel's case on the basis that the unsigned Complaint violates Federal Rules of Civil Procedure 11(a). Dkt. 6. Attorneys Damien Smith and Nicholas Stamatis with Price Benowitz filed notices of appearance as counsel for Plaintiffs in all five cases and sought leave to amend and cure the signature defect in Anilkumar Patel's Complaint. Dkt. 10.

Snyder was later investigated by the Virginia State Bar Disciplinary Board, and on November 1, 2021, consented to the revocation of his law license. As part of his consent, Snyder filed an affidavit stating that he knowingly engaged in the unauthorized practice of law while his Virginia law license was administratively suspended for failing to complete mandatory CLE requirements and failing to pay dues; and he knowingly made false statements to courts, including falsely representing that he did not know his Virginia law license was suspended until August 28, 2020. Snyder's law license was revoked on November 1, 2021.

On December 14, 2021, I held a pre-trial conference in these five cases and expressed my concern with the facts surrounding Snyder's license suspension, the authority permitting Snyder to "amend/cure" the defective complaints in state court, Snyder's misrepresentations to the state

---

[2] Virginia law requires service of process in an action within twelve months of commencement of the action. See Va. Code § 8.01-275.1.

court, and the remaining unsigned complaint. I instructed the parties to brief these issues as to all cases. The issues have been fully briefed, the parties presented oral argument, and these matters are now ripe for decision.

## II.     ANALYSIS

There is no dispute that the original complaints in these five cases contained signature defects. Snyder was not in good standing with the Virginia State Bar when he filed the complaints and was engaged in the unauthorized practice of law. The parties disagree as to the impact of the signature defects now that the cases have been removed to federal court.

Plaintiffs assert that the signature defects were properly cured when the "amended/cured" complaints were filed with the permission of the state court; thus, the only remaining defect before this court is Anilkumar Patel's unsigned complaint. Plaintiffs argue that federal procedural rules apply to cases removed from state court and they should be given leave to amend the complaint and add the missing signature.

Defendants assert that the signature defects rendered all five cases voidable when they were filed in state court; that they were not timely and properly cured as required by Virginia statute; that the state court's permission to file "amended/cured" complaints was procured through Snyder's material misrepresentations to the court and is invalid; and that the signature defects do not qualify as clerical errors that can be remedied and toll the statute of limitations. Thus, Defendants argue that the defective complaints did not toll the statute of limitations when they were filed, and this court should dismiss the complaints with prejudice.

I agree with Defendants that the signature defects rendered the initial complaints voidable in state court. I further agree that the defects were not timely and properly cured when Plaintiffs filed the "amended/cured" complaints in state court. However, I disagree with Defendants'

5

assertion that this court must dismiss the defective complaints under Virginia law. The state court continued to have jurisdiction until Defendants removed the cases to federal court and invoked this court's jurisdiction, together with the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure govern the present posture of these cases, including the remaining signature defect in Anilkumar Patel's case (No. 7:21-cv-402).

### A. Removal and Derivative Jurisdiction

"The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none..." Bullock v. Napolitano, 666 F.3d 281, 286 (4th Cir. 2012) (citing Lambert Run Coal Co. v. Baltimore & Ohio R.R., 258 U.S. 377, 382 (1922)); see also Palmer v. City Nat. Bank, of West Virginia, 498 F.3d 236, 239 (4th Cir. 2007) ("The doctrine of derivative jurisdiction requires that a federal court's jurisdiction over a removed case mirror the jurisdiction that the state court had over the action prior to removal."). Thus, I must first determine whether the signature defects in the original complaints were procedural defects capable of being remedied in state court, or substantive defects that deprived the state court of jurisdiction. "If a case presents a procedural defect, the defect may be remedied, which means the court may continue to exercise jurisdiction over the case. But if the removal defect goes to the court's subject matter jurisdiction, the case cannot proceed in federal court." Ballesteros v. Pocta, No. 1:20cv664, 2021 WL 979240, at *3 (E.D. Va. March 16, 2021) (citing Lowery v. Alabama Power Co., 483 F.3d 1184, 1194 (11th Cir. 2007)).

This issue is particularly nuanced here because prior to July 1, 2020, signature defects, such as a complaint signed by an unlicensed attorney, were substantive defects that deprived the state court of jurisdiction, and thus, deprived the federal court of jurisdiction upon removal.

However, beginning July 1, 2020, the Virginia General Assembly amended § 8.01-271.1, and transformed signature defects into procedural defects that could be remedied in state court, and thus, remedied in federal court.

      **B.    Signature Defects and Voidable Pleadings**

Prior to the July 1, 2020 amendments, § 8.01-271.1 provided that "every pleading…of a party represented by an attorney shall be signed by at least one attorney of record in his individual name." Va. Code Ann. § 8.01-271.1 (effective July 1, 2018 to June 30, 2020). Likewise, Virginia Supreme Court Rule 1A:4(2) provides that "any pleading…shall be invalid unless it is signed by local counsel." Va. Sup. Ct. R. 1A:4(2) (West 2022).

Virginia courts interpreted the statute and rules strictly, and repeatedly held that a pleading signed by an attorney not licensed to practice law in Virginia was invalid and had no legal effect. See Nerri v. Adu-Gyamfi, 613 S.E.2d 429, 430 (Va. 2005) ("We have held that a pleading signed by a foreign attorney who is not authorized to practice law in this Commonwealth is invalid and has "no legal effect.") (citing Wellmore Coal Corp. v. Harman Mining Corp., 568 S.E.2d 671, 673 (Va. 2002)). "A pleading, signed only by a person acting a representative capacity who is not licensed to practice law in Virginia, is a nullity." Shipe v. Hunter, 699 S.E.2d 519, 520 (Va. 2010).

Such invalid pleadings are legal nullities that cannot be amended once removed to federal court. "[A] complaint that is deemed to be a legal nullity from lack of an appropriate signature cannot be amended because 'an amendment to a pleading presupposes a valid instrument.'" Moore v. Cosi, No. 1:11cv1393, 2012 WL 1410052 at *3 (E.D. Va. Apr. 20, 2012) (quoting Kone v. Wilson, 630 S.E.2d 744, 746 (Va. 2006)). In Moore v. Cosi, the court dismissed with prejudice a complaint removed from state court and signed by an attorney not licensed to

7

practice law in Virginia, noting, "[t]he Complaint would be dismissed in the Arlington Circuit Court and thus should be dismissed here under the 'correlative doctrines of comity and federalism.' Further, Plaintiff cannot amend her Complaint because there is no valid document to amend." 2012 WL 1410052 at *3 (quoting Russell v. Gennari, No. 1:07cv793, 2007 WL 3389998, at *5 (E.D. Va. Nov. 8, 2007)).

Virginia courts applied the same reasoning to cases that were deemed null or void for other reasons. For example, in Bradley v. Johnson and Johnson, No. 1:12cv92, 2012 WL 1957281, at *3 (E.D. Va. May 30, 2012), the court held that Plaintiff lacked standing to bring a wrongful death action under Virginia Code § 8.01-50 because he was not the personal representative of the decedent and he improperly attempted to bring the claim on behalf of decedent's estate *pro se*. The court found the action to be a nullity, which could not be cured by amendment of the pleadings in state court or federal court, and dismissed the case for lack of subject matter jurisdiction, stating "[b]ecause this action is a nullity, the defects identified above cannot be cured by an amendment of the pleadings or by adding the proper plaintiff. Id. at *3 (citing Chesapeake House on the Bay, Inc. v. Va. Nat'l Bank, 344 S.E.2d 913 (Va. 1986)).

Likewise, in Russell v. Gennari, No. 1:07-cv-793, 2007 WL 3389998 (E.D. Va. Nov. 8, 2007), the court found a complaint legally invalid because it was signed by a father who did not have the legal right to act as his son's attorney. The court noted, "[a]s Plaintiff's complaint is invalid under Virginia law, and would be dismissed in Virginia Circuit court, it should be dismissed here as well….Because Plaintiff failed to file a legally valid Complaint under the Virginia rules, and the case was 'dead' prior to removal, Defendants' Motions to Dismiss Plaintiff's Complaint are granted." Id. at *5.

8

Thus, had the complaints in these cases been signed by Snyder prior to the amendment of § 801-271.1 on July 1, 2020, they would be invalid, considered a legal nullity, and could not be amended upon removal to federal court.

However, the July 1, 2020 amendments to § 8.01-271.1 directly addressed pleadings signed by an attorney not licensed in Virginia. The amended statute provides that such signatures are "not valid," causing the pleading to be "defective," which "renders the pleading, motion, or other paper voidable." Va. Code Ann. § 8.01-271.1 (West 2022). The statute further addresses how to cure a "voidable" pleading, stating:

> (G) If a signature defect is not timely and properly cured after it is brought to the attention of the pleader or movant, the pleading, motion, or other paper is invalid and shall be stricken. A signature defect shall be cured within 21 days after it is brought to the attention of the pleader or movant. If a signature defect is timely and properly cured, the pleading, motion, or other paper shall be valid and relate back to the date it was originally served or filed.

Va. Code Ann. § 8.01-271.1 (West 2022). This language is mirrored by Rule 1:5A of the Rules of the Supreme Court of Virginia governing signature defects, which makes a pleading with a signature defect voidable and requires that a signature defect be cured within 21 days after it is brought to the attention of the pleader. Va. Sup. Ct. R. 1:5A (West 2022).

By converting pleadings with signature defects into "voidable" pleadings and providing a method to transform the pleadings into valid instruments, the amended statute abrogates prior Virginia case law declaring such pleadings invalid, void and null. Section 8.01-271.1, as amended in 2020, makes pleadings (including complaints) with signature defects voidable and capable of being cured. Now, a complaint with a cured signature defect is considered valid and will relate back to the date of original filing.

The term "voidable" describes "a valid act that may be voided, rather than an invalid act that may be ratified." Voidable, Black's Law Dictionary (11th ed. 2019).  Virginia case law distinguishes the terms "void" and "voidable" in other contexts. For example, "[a] voidable marriage differs from a void marriage in that it may be afterwards ratified by the parties and become valid and usually is treated as a valid marriage until it is decreed void." Toler v. Oakwood Smokeless Coal Corp., 344 S.E.2d 364, 367 (Va. 1939).  Likewise, a court order that is "void *ab initio*," means it was without effect from the moment it came into existence; whereas an order that is "voidable," contains error but is not "void" until it is directly and successfully challenged. Kelly v. Stamos, 737 S.E.2d 218, 221 (Va. 2013).  As the Supreme Court of Virginia noted in Jones v. Commonwealth, 795 S.E.2d 705, 715 (Va. 2017), "whether an alleged error by a trial court renders its order void ab initio or merely voidable turns on the subtle, but crucial, distinction deeply embedded in Virginia law 'between a court lacking jurisdiction to act upon a matter and the court, while properly having jurisdiction, nonetheless erring in its judgment.'" See also Singh v. Mooney, 541 S.E.2d 549, 551 (Va. 2001) (distinguishing between court orders that are void *ab initio* and entered into in the absence of subject matter jurisdiction, rather than merely voidable.).

Accordingly, when Snyder filed these complaints on July 15, 2020, the signature defects rendered the initial pleadings "voidable," and capable of being either cured or stricken.

        C.      **Amended/Cured Complaints and Removal to Federal Court**

The amendments to § 8.01-271.1(G) provide a party 21 days to cure a signature defect after it is brought to the attention of the pleader, and once "timely and properly cured," the pleading is valid and relates back to its original filing date.  The parties debate whether the convoluted procedural saga of these cases in state court "timely and properly" cured the

signature defects in the original complaints. I agree with Defendants that the defects were not timely cured in state court;[3] however, I find that application of § 8.01-271.1 became moot once the cases were removed to federal court. The Complaints were not stricken by the state court and remained voidable but valid pleadings over which the state court had jurisdiction when removed to federal court. In fact, Defendants agree that upon removal, jurisdiction in this court attached, and the Federal Rules of Civil Procedure now apply.

A procedural defect capable of being remedied in state court does not deprive the federal court of jurisdiction once the case is removed. In Rice v. Alpha Sec., Inc., 556 Fed. Appx. 257, 260–61 (4th Cir. 2014), the court held that an expired service period in state court did not deprive the federal court of jurisdiction over the case upon removal. Like the facts here, the Rice case could have been stricken in state court for defective service, but was instead removed by the defendant. The Fourth Circuit noted that, despite the expired service period, plaintiff retained the right to take a nonsuit under Virginia law, which is deserving of doctrinal protection. Id. at 260. Thus, the court held, "[b]ecause [Plaintiff] still had options left in state court to pursue her cause of action, the removal of the case to federal court should not change that outcome…. We

---

[3] Defendants assert that the signature defects in these cases were not "timely and properly cured" within 21 days after they were brought to the attention of the pleader, and therefore should be stricken by this court. Defendants note that Snyder was aware of his license suspension when he filed these pleadings, or at least by August 28, 2020, almost six months before he filed motions for leave to cure in state court. Likewise, Price Benowitz admits to knowledge of Snyder's license suspension as of August 28, 2020, and was sanctioned by court order finding Snyder's signature defective on January 20, 2020, more than 21 days before they filed motions to cure on February 26, 2021. See Dkt. 21, p. 5.

Plaintiffs assert that the signature defects in this case were "brought to their attention," after Snyder completed a case audit and identified these five cases to his firm as bearing defective signatures on February 22, 2021. Thus, Plaintiffs assert that they met the 21-day statutory deadline when they filed the motions to cure on February 26, 2021. Plaintiffs also acknowledge that Snyder's affidavit attached to the motions to cure filed in state court contained misrepresentations.

The facts reflect that Snyder and the Price Benowitz firm were aware of Snyder's license revocation in August 2020, and of Snyder's defective signature on January 20, 2021, and thus, should have been aware of the signature defects well before Snyder filed the motions to cure with the circuit court on February 26, 2021. Further, Snyder and Price Benowitz did not "cure" the signature defects without missteps, missed deadlines, and omissions.

hold that although her original service of process was defective, [Plaintiff] is entitled to the opportunity to cure the defect in federal court post-removal." Id. at *261.

Here, the original complaints were voidable in state court but were not stricken, and Plaintiffs retained the right to take a voluntary nonsuit in state court prior to removal.[4] Rather than seeking dismissal at the state level based on the signature defects, Defendants chose to remove these cases to federal court, invoking this court's jurisdiction. The cases come to federal court in the same posture they left state court – with Plaintiffs able to pursue their claims against Defendants, subject, of course, to the procedural requirements of the Federal Rules of Civil Procedure.

Upon removal, federal procedural rules govern the future course of proceedings. Holmes v. AC & S, Inc., 388 F.Supp.2d 663, 669 (E.D. Va. 2004); Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996); Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). "Once the notice of removal has been effectively filed in both courts, the federal court takes the case in the posture in which it departed the state court, treating everything done in the state court as if it had been done in federal court…. Removal of a case from state to federal court neither nullifies what the state court did, nor precludes the federal court from taking further steps that it could have taken if the case had originated there." Holmes, 388 F.Supp.2d at 667–668.

Upon removal to this court, four of the cases contained Amended/Cured Complaints with proper signatures, filed after Snyder's law license was reinstated. This court takes the cases in the posture in which they left the state court and accepts the Amended/Cured Complaints as if

---

[4] Under the prior version of § 8.01-271.1, pleadings with signature defects were "invalid," and could not be nonsuited. "If an action is a nullity, regardless of the reason it is such, then no legal proceeding is pending that can be nonsuited." Johnston Mem. Hosp. v. Bazemore, 672 S.E.2d 858, 861 (Va. 2009). Virginia law grants one nonsuit "as a matter of right" only as to a validly pending proceeding. Id.

they were filed in federal court. The federal rules do not contain a 21-day cure requirement, but rather, require a party to "promptly correct" a signature defect. Fed. R. Civ. P. 11(a). Thus, I find that Plaintiffs would have been permitted to file the four signed Amended/Cured Complaints had these actions originated in federal court. Those Complaints are therefore deemed properly filed upon removal to this court.

Anilkumar Patel's Complaint was unsigned when removed from state court and violates Federal Rule of Civil Procedure 11(a), which requires that every pleading be signed by at least one attorney of record in the attorney's name. Rule 11(a) further provides that the "court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

Federal courts are hesitant to strike unsigned pleadings without providing an opportunity to cure or a showing of severe prejudice. See Waskey v. O'Neal, No. 8:18-cv-02824-PX, 2019 WL 2502389, at * 1 (D. Md. June 17, 2019) ("[A] pleading will not be stricken unless the movant can show that a failure to sign 'severely prejudiced the opposing party.'"); Lewis v. Maryland, No. PWG-17-1636, 2018 WL 1425977 at *2 (D. Md. March 22, 2018) ("It is not clear that Plaintiffs' failure to cure after this notice, without any notice from the Court or showing of severe prejudice, is sufficient to warrant striking the Complaint under Rule 11(a)."); Turner v. Allmon, No. 1:08cv484, 2008 WL 6862526, at *1 (E.D. Va. July 7, 2008) (Noting that a pleading filed without a signature constitutes a technical defect and not a substantive violation of Rule 11). The court retains discretion to accept the unsigned pleading or to grant leave to cure the defect instead of striking the complaint altogether. Waskey v. O'Neal, 2019 WL 2502389, at *2. Indeed, federal courts "favor resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 428 (4th Cir. 2006).

Defendants do not assert that they will suffer severe prejudice if Anilkumar Patel is allowed leave to cure the signature defect. These cases are still in an early procedural posture, they have not yet been set for trial and no scheduling order has been entered. Further, Defendants are aware of the facts and claims asserted and will not be prejudiced by the filing of a cured complaint. Thus, I find it proper and appropriate to allow Anilkumar Patel to cure his Complaint to add counsel's signature.

### III. CONCLUSION

Snyder's handling of these cases in state court was a grave disappointment to the legal profession. Snyder's consistent misrepresentations to multiple courts and knowing engagement in the unauthorized practice of law were reprehensible and were addressed by the Virginia State Bar disciplinary proceeding. The fault does not lie with Snyder alone. The facts reflect that the Price Benowitz firm failed to act promptly when it became aware of Snyder's license suspension in August 2020 and filed pleadings with affidavits containing misrepresentations to multiple state courts.

However, under Virginia Code § 8.01-271.1 as amended in 2020, the lack of a valid signature by a properly licensed attorney on the original complaints did not render them invalid and null, but rather voidable. I need not delve into the murky issues surrounding Plaintiffs' attempts to cure the defects in state court, because rather than seek to strike the complaints in state court, Defendants chose to remove these cases to federal court and invoke this court's jurisdiction. Upon removal, this court takes the cases in their current procedural posture and applies the Federal Rules of Civil Procedure. Thus, under those rules, I find that four of the cases currently contain properly signed Amended/Cured Complaints. I further find it appropriate to allow Anilkumar Patel to file a properly signed complaint as permitted under Rule 11(a).

Accordingly, Defendants' Motion to Dismiss Anilkumar Patel's Complaint (Case No. 7:21-cv-402, Dkt. 6) is **DENIED**, Anilkumar Patel's Motion for Leave to Amend and Cure Signature Defect (Case No. 7:21-cv-402, Dkt. 10) is **GRANTED**, and these five cases will be set for trial.

Entered: March 17, 2022

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge